## THE SUFFOLK COUNTY.

1. Where the defence in a libel for collision is that the injured vessel suddenly, and without notice, attempted to sheer across the one libelled, at a time when the two were so near that no exertion of those in charge of the latter could prevent the collision, the fact that the pilot of the injured vessel swears that he had not changed his course at all, while the libel, in giving an account of the matter, has said that the vessel was pursuing the course of the channel, which gradually rounded, does not make out the case of the libelled vessel; there being no proof of such a sheer as *she* set up, and as was necessary to absolve her.
2. It is not fatal to the libellant's case that he has not stated quite correctly the place of the collision, unless the question of exact place is material to the question of who was in fault.

APPEAL from the Circuit Court of the Southern District of New York; the case being thus:

The owners of the tugboat Joseph Baker filed a libel in the District Court at New York against the steam ferryboat Suffolk County, for a collision which had occurred in the East River, between New York and Brooklyn, and in which the tugboat was injured.

The tug was a small boat of about seventy tons burden. The ferryboat was a large steamboat, capable of carrying a thousand passengers, and a much faster sailer than the tug. They were going in the same general direction up the East River, about two hundred feet from the New York shore, the tug ahead and the ferryboat astern, as they passed Jackson Street. Somewhat higher up, the ferryboat endeavoring to pass between the tug and the shore, the collision took place. There was no signal by whistle or otherwise given by the ferryboat to warn the tug of the danger, and the pilot of the tug seemed to have had no apprehension of danger until the other vessel was within two or three feet of his boat. There was room enough for the ferryboat to have passed outside or inside, and as she was behind the other, and could easily have kept out of the way, the ferryboat, unless the collision could be clearly traced to some fault on the part of those in charge of the tug, was obviously to be

held responsible. Such a fault was alleged in the answer of claimants, in this, to wit, that the tug attempted suddenly and without notice to sheer across the course of the ferryboat at a time when they were so near each other that no exertion of those in charge of the ferryboat could prevent the collision. The pilot of the ferryboat swore positively that such a sheer had been made. The pilot of the tug swore as positively that she *had not changed her course at all for some time, and that the courses of the two vessels were the same.* The truth seemed to be about as stated by the pilot of another ferryboat, who stopped his vessel to look at the two which came into collision, because they were so near that he expected it. He said that they were going in one direction, and that both were slightly curving towards the New York shore, and the tug a little more on the turn than the other boat.

The allegation of the libel itself was, " that after passing the foot of Jackson Street, the channel rounds a little towards the north, and that the tug, pursuing the regular channel, *gradually rounded with it, so that she was steering, at the time of the collision, upon a course not precisely parallel with that of the ferryboat, but at a slight angle therewith.*"

The production of a map of the East River, and the testimony as to the wharves which were opposite to the place of collision seemed to show that the vessels had not fully arrived at the place where the curve in the channel required a change of course.

The District Court decreed in favor of the libellant, and the Circuit Court affirmed the decree. The case was now here for review.

*Mr. Donohue, for the appellants,* having endeavored to show that the pilot of the ferryboat had stated the real facts, and that the cause of the collision was a rank and unnecessary sheer by the tug, next argued the matter somewhat independently of that testimony.

Having remarked that the case was to be heard upon the issue raised by the pleadings; that the parties come into

court prepared to meet the issues raised, and to make the proof necessary to meet the case, as made in the pleadings, and that any other rule would be to simply make pleadings a snare to the parties, and render them worse than useless, he argued two propositions:

1st. That the pilot, in swearing that he was pursuing a direct course, in which he had made no change for some time previous to the collision, contradicted the libel; that his testimony could not be received to do this; and that the libel, which alleged that a *change of course had been made*, was to be held to be true; that the testimony of the libellant's pilot being thus false, and the allegation of the libel stating a change which would to some extent bring the tug across the course of the ferryboat, the evidence of the pilot of that boat, thus far corroborated by the libel, must be taken as true, when he swears that the tug made a sudden and unexpected sheer across his course, which rendered the collision unavoidable.

2d. That the evidence of witnesses compared with authentic maps showing, as it did, that the collision occurred before the boats had got to the place alleged in the libel, there was a variance between the proofs and allegation; that the pleadings were for a collision after the Baker had taken a sheer, while, in fact, the case showed that she had not arrived at the rounding point. The pleadings admitting such a rounding or sheer, and the evidence showing no necessity for it, the defence was made out. The evidence failed to show necessity for what the Baker did, and her case failed.

*Mr. Carter, contra.*

Mr. Justice MILLER delivered the opinion of the court.

The defence is that the tug attempted suddenly, and without notice, to sheer across the course of the ferryboat, when they were so near that no effort of the persons in charge of the ferryboat could prevent the collision. But we do not think that the defence is made out by the evidence. We cannot go minutely into all the testimony on this point. It

is sufficient to say that we think that the fair result of it does not relieve the ferryboat from responsibility.

The counsel for appellants has made a very ingenious argument in favor of two propositions growing out of the allegation of the libel in regard to the manner and the place of the collision.

But as respects the first one, conceding that the pilot of the tug, in his desire to make clear his freedom from all blame, did not state the course of the vessel with accuracy, the statement of the other pilot is liable to the same suspicious influence, and is equally at variance with the allegation of the libel, and with all the other testimony in the case. The libel does not state a rank or sudden sheer, or any change of course which would bring the tug across the bow of the other vessel. It says she was gradually rounding with the channel, which brought her on a course not precisely parallel with that of the ferryboat, but at a slight angle therewith. And as we have already stated, the weight of the testimony supports this allegation, so far as the relative course of the two vessels, and any change in that course is in question.

The other proposition is, that on the production of a map of the locality of the accident, including the channel of the East River, it is shown conclusively that the collision occurred before the vessels reached the point where this curve in the channel required a change in the course of the boats. And it is maintained that as the testimony shows that the collision did not occur at the place alleged, the whole case of libellants must fail; that it was so material to their case to show that the reason for the gradual curve of the boat was the change in the course of the channel, that if there was no such change in the channel before the collision, the change in the course of the vessel was without excuse, and was the cause of the collision.

It surely cannot be necessary to say that the libellant is not bound, at the hazard of losing his case, to state with perfect accuracy, within two or three hundred feet, the point of the collision or curve of the channel, except so far as they

may be material to the question of who was in fault.    Now the case here requires of the claimants to show that by a sudden and unexpected change in the course of the tugboat she was brought so directly across the course of the ferry-boat that the latter could not avoid the collision.    The relative positions of the boats to each other and their relative courses were correctly stated in the libel, and such change in the course of the tugboat as was made, was correctly stated.    We cannot see that it was material whether this slight and gradual change was made a little before arriving at the corresponding curve in the channel or not, nor whether the collision occurred at that precise point of the river or a little before it was reached.

We concur with the decree rendered in favor of libellants, both by the District Court and the Circuit Court, and it is accordingly

AFFIRMED.